# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| EDWARD DON ALVERSON, § | |
| DELIA E. BANCHS, § | |
| RODERICK W. CHANDLER, § | |
| DAVID BYRON GOODRICH, § | |
| CAROLINE FAYE HOELSCHER-KOSEL, § | |
| VICKI LYNN MAXWELL, § | NO. 08-842-C |
| DANIEL ODELL REED, § | (Judge Hodges) |
| ERNEST FRANCIS RAIKOWSKI, and § | |
| FRANK W. STRANSKY § | |
| § | |
| v. § | |
| § | |
| THE UNITED STATES OF AMERICA § | |

## FIRST AMENDED COMPLAINT

Plaintiffs Edward Don Alverson, Delia E. Banchs, Roderick W. Chandler, David Byron Goodrich, Caroline Faye Hoelscher-Kosel, Vicki Lynn Maxwell, Daniel Odell Reed, Ernest Francis Raikowski, and Frank W. Stransky ("plaintiffs"), for their complaint against the United States of America ("defendant"), allege as follows:

### Jurisdiction

1.      This Court has jurisdiction pursuant to 28 U.S.C. §1491(a)(1) because plaintiffs' claims are founded on an act of Congress and exceed $10,000.00 each.

### Introduction

2.      Plaintiffs filed a complaint in the District Court of the Western District of Texas on August 3, 2007, alleging that defendant violated the Equal Pay Act, 29 U.S.C. § 206(d), and seeking lost wages, liquidated damages, and other relief, pursuant to 29 U.S.C. § 216(b). By order dated June 6, 2008, the Honorable Walter S. Smith, Jr., Chief United States District Judge for the Western District of Texas, granted defendant's motion to transfer plaintiffs'

claims to the United States Court of Federal Claims. The record was transferred from the Western District of Texas to the Court of Federal Claims, and was filed with the Clerk of the Court of Federal Claims on November 24, 2008. *See* Docket, Document 1.

## Parties

3. Plaintiffs are present or former Physician Assistants employed by the United States Department of Veteran's Affairs at the Central Texas Veteran's Heather Care System.

4. Defendant, the United States of America, is responsible for the operations and activities of the United States Department of Veteran's Affairs.

## Facts

5. All plaintiffs are Physician Assistants ("PAs"), working for the United States Department of Veteran's Affairs ("the Veteran's Administration").

6. All plaintiffs are current or former employees of the Veteran's Administration at the Central Texas Veteran's Health Care System ("CTVHCS").

7. At the CTVHCS, PAs are predominantly and historically male.

8. As of August 3, 2007, there were 23 PAs employed at the CTVHCS; 19 were male and four were female (that is, PAs were over 82% male).

9. Nurse Practitioners ("NPs") are also employed by the Veteran's Administration at the CTVHCS.

10. At the CTVHCS, the NPs are predominantly and historically female.

11. As of August 3, 2007, there were 24 NPs employed at the CTVHCS; 22 were female and two were male (that is, NPs were over 91% female).

12. Within the CTVHCS, PAs and NPs are middle level medical practitioners who

provide care to veterans; the PA and NP positions are referred to collectively as "physician extenders."

13.     The PAs and NPs perform jobs of equal skill, effort and responsibility, and perform such jobs under similar working conditions.

14.     Within the CTVHCS, the positions of PA and NP are fungible, performing substantially equal duties.

15.     The jobs of PAs and NPs involve similar skill, effort and responsibility.

16.     When a middle level medical practitioner position is open at the CTVHCS, the Veteran's Administration advertises that it may be filled by either a PA or an NP.

17.     For hiring purposes at the CTVHCS, the Veteran's Administration regards PAs and NPs as fungible.

18.     Plaintiffs, as PAs, were -- and are -- paid at a lesser rate than NPs, though plaintiffs were -- and are -- performing jobs of equal skill, effort and responsibility as NPs under similar working conditions.

19.     Such disparity in pay discriminates against the predominantly male PAs, when compared with NPs, a predominantly female position.

20.     The male PAs were -- and are -- paid less than female NPs, though performing the same jobs as female NPs.

21.     The female PAs were -- and are -- paid less than male NPs, though performing the same jobs as male NPs.

22.     Plaintiffs have been paid lower wages than the NPs at the CTVHCS since at least 1999.

23. The Veteran's Administration acted willfully to discriminate against plaintiffs' legal rights in its treatment of them.

## Plaintiffs' Claim

24. Plaintiffs repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

25. Defendant discriminated against the predominantly male PAs by paying them less than the predominantly female NPs, who were performing work which required equal skill, effort and responsibility as plaintiffs, which work was performed under similar working conditions.

26. Alternatively, if necessary, defendant discriminated against the male plaintiffs by paying them less than female NPs, who were performing work which required equal skill, effort and responsibility as the male plaintiffs, which work was performed under similar working conditions; and defendant discriminated against the female plaintiffs by paying them less than male NPs, who were performing work which required equal skill, effort and responsibility as the female plaintiffs, which work was performed under similar working conditions.

27. Defendant's above-described conduct toward plaintiffs violated the Equal Pay Act, 29 U.S.C. §206(d).

28. As a direct and proximate result of defendant's conduct set forth above, plaintiffs have been damaged, in the aggregate, in excess of $10,000 for each plaintiff, including suffering loss of compensation, loss of fringe benefits, and loss of time and money endeavoring to protect themselves from defendant's unlawful discrimination, including costs

and attorney's fees.

WHEREFORE, plaintiffs pray that this Court:

(1) Enter a judgment finding that defendant violated the Equal Pay Act, as set forth above;

(2) Award plaintiffs all wages and benefits due and owing as a result of defendant's discriminatory acts, in amounts in excess of $10,000.00 for each plaintiff, plus liquidated damages, all to be determined at trial, beginning three years prior to August 3, 2007 until final trial;

(3) Order defendant to begin paying plaintiffs wages equal to those being paid to Nurse Practitioners at the CTVHCS;

(4) Order defendant to adjust its records to reflect the award of compensatory damages to plaintiffs for the three years prior to August 3, 2007 until final trial, for purposes of calculating plaintiffs' retirement payments;

(5) Award plaintiffs their costs and reasonable attorney's fees in this action; and

(6) Award such other and further relief to which plaintiffs are entitled.

Respectfully submitted,

CULLAR & McLEOD, L.L.P.

By:   s/ John Cullar
  R. JOHN CULLAR
  TEXAS STATE BAR No. 05208400

801 Washington Avenue, Suite. 217
Waco, Texas  76701
Telephone:  254/753-1991
FAX:  254/753-0244
E-mail: jcullar@hot.rr.com

ATTORNEYS FOR PLAINTIFFS

Dated: December 11, 2008